1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10

11

12

13

14

15

16

17

COLUMBIA COMMUNITY CREDIT
UNION, also know as COLUMBIA CREDIT
UNION, a Washington nonprofit corporation,

Plaintiff,

v.

CHICAGO TITLE INSURANCE COMPANY,
a Missouri corporation,

Defendant.

Case No. 3:09-CV-05290RJB

ORDER ON STIPULATED
PROTECTIVE ORDER

18

19

This matter comes before the court on the parties' Stipulated Protective Order.  Dkt. 65.  The court has considered the Stipulated Protective Order (Dkt. 65) and the file herein.

20

21

22

23

24

On March 11, 2010, the parties filed a Stipulated Protective Order (Dkt. 65), which covers Columbia Community Credit Union's ("Columbia") attorney billing statements reflecting attorney fees and costs incurred in the lien foreclosure proceeding in Clark County Superior Court, Case No. 07-2-03131-0.  Dkt. 65.  The parties assert that the billing statements contain information subject to the attorney-client privilege and work product doctrine ("Privileged Information").  Dkt. 65.

25

26

27

Pursuant to Fed.R.Civ.P. 26(c), protective orders should be issued "for good cause" shown.  This is a public court and its business should be conducted publicly unless there is a specific reason to keep things confidential.  As stated in Local Rule CR 5(g)(2),

28

ORDER
Page - 1

1    There is a strong presumption of public access to the court's files.  With regard to
2 dispositive motions, this presumption may be overcome only on a compelling showing that the
public's right of access is outweighed by the interests of the public and the parties in protecting
3 the court's files from public review.  With regard to nondispositive motions, this presumption may
be overcome by a showing of good cause under Rule 26(c).  When protective orders are
4 appropriate, they should be narrowly drawn, the presumption being in favor of open and public
litigation.

5    The parties have not made the requisite showing that Columbia's attorney billing statements are

6 Privileged Information; therefore, the Court should deny the Stipulated Protective Order (Dkt. 65).  The

7 parties may, of course, agree on confidentiality among themselves, but when they request that the court be

8 involved, they must make the requisite showing.  If there are any specific items within Columbia's

9 attorney billing statements that the parties determine are privileged, then the parties may redact the copy

10 filed with the court.

11    Accordingly, it is hereby **ORDERED** that the Court **DENIES** the Stipulated Protective Order

12 (Dkt. 65).

13    The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any

14 party appearing *pro se* at said party's last known address.

15    DATED this 15th day of March, 2010.

16

17

18    Robert J. Bryan
United States District Judge

19

20

21

22

23

24

25

26

27

28