1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

COLUMBIA COMMUNITY CREDIT
UNION, also known as COLUMBIA
CREDIT UNION, a Washington nonprofit
corporation,

             Plaintiff,

        v.

CHICAGO TITLE INSURANCE
COMPANY, a Missouri corporation,

             Defendants.

Case No. C09-5290RJB

ORDER ON PLAINTIFF'S
MOTION FOR
VOLUNTARY
DISMISSAL

    This matter comes before the court on Plaintiff's Motion for Voluntary Dismissal.  Dkt. 98.  The

court has considered the pleadings filed in support of and in opposition to the motion and the file herein.

PROCEDURAL HISTORY AND MOTION

    On April 14, 2010, the court denied Columbia Credit Union's Motion to Amend Minute Order to

Allow Plaintiff to Amend its Complaint and to Add CUMIS Insurance Society, Inc. as a Defendant, to

Strike the Pretrial Conference, and Continue the Trial Date by 120 Days.  Dkt. 97.  In that order, the court

concluded that Columbia's motion to amend was untimely and would therefore prejudice Chicago Title,

which has a right to have this issue resolved in a timely manner.  Dkt. 97, at 3.

    On April 20, 2010, Columbia filed a motion for voluntary dismissal, requesting that the court

dismiss this case without prejudice.  Dkt. 98.  Columbia contends that it will file a "renewed action"

against both Chicago Title and CUMIS; that Chicago Title will not suffer legal prejudice, even though

ORDER
Page - 1

1  there will be some delay; and that Columbia could suffer significant prejudice with the risk of inconsistent

2  verdicts if Columbia were forced to pursue separate actions against Chicago Title (this action) and

3  CUMIS (in another action).  Dkt. 98.

4        On May 11, 2010, Chicago Title filed a response opposing Columbia's motion for voluntary

5  dismissal, contending that Columbia would be prejudiced if Chicago Title were permitted to dismiss the

6  case without prejudice.  Dkt. 107.  Chicago maintains that it has expended great time and effort to prepare

7  for trial; that Columbia did not act diligently because it was a tactical decision not to name CUMIS as a

8  defendant earlier in the case; that Columbia has not shown sufficient explanation for the need to dismiss

9  the case without prejudice; that dispositive motions have been adjudicated; and that Columbia's motion is

10  vexatious.  Dkt. 107.  Chicago Title requests that, if the court grants Columbia's motion to dismiss

11  without prejudice, conditions should be imposed to prevent prejudice to Chicago Title.  Dkt. 107.

12        On May 14, 2010, Columbia filed a reply, arguing that Chicago Title has not established that it

13  will suffer legal prejudice if Columbia is permitted to voluntarily dismiss this case without prejudice; that

14  Columbia's motion is not vexatious nor has Columbia acted in bad faith; and the court should not impose

15  the conditions advocated by Chicago Title.  Dkt. 110.

16                                          LEGAL STANDARD

17        Fed.R.Civ.P. 41(a)(2) provides in relevant part as follows:

18    Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by
       court order, on terms that the court considers proper....Unless the order states otherwise, a
19    dismissal under this paragraph (2) is without prejudice.

20                                             DISCUSSION

21        A plaintiff does not have the right to dismiss, without prejudice, an action where the defendant

22  will suffer legal prejudice. *Jones v. Securities & Exchange Commission*, 298 U.S. 1, 19, 56 S. Ct. 654

23  (1936). When the case progressed to the point where the defendant would be prejudiced by a separate,

24  second action, a court properly rejects the motion for voluntary dismissal. "Having been put to the trouble

25  of getting his counter case properly pleaded and ready, he [the defendant] may insist that the cause

26  proceed to a decree." *Id.* at 20; *see also Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001).

27        "[L]egal prejudice is just that—prejudice to some legal interest, some legal claim, some legal

28  argument." *Westlands Water Dist. v. U.S.*, 100 F.3d 94, 97 (9th Cir. 1996). "Plain legal prejudice may be

ORDER
Page - 2

1  shown where actual legal rights are threatened or where monetary or other burdens appear to be extreme

2  or unreasonable." *U.S. v. Berg*, 190 F.R.D. 539, 543 (E.D.Cal. 1999).

3          Factors to consider when determining legal prejudice include: (1) The defendant's effort and

4  expense involved in preparing for trial; (2) Excessive delay and lack of diligence on the part of the

5  plaintiff in prosecuting the action; (3) Insufficient explanation of the need to take a dismissal; and

6  (4) The fact that summary judgment has been filed by the defendant. *U.S. v. Berg*, 190 F.R.D. at 543; *see*

7  *also Navajo Nation v. Peabody Coal Co.*, 2009 WL 806636, *4 (D.Ariz. 2009) (District courts in the

8  Ninth Circuit utilize a four factor test when deciding whether to grant a voluntary dismissal: (1) the

9  defendant's effort and expense in preparing for trial, (2) any excessive delay or lack of diligence on the

10  part of the plaintiff in prosecuting the action, (3) insufficiencies in the plaintiff's explanation of the need

11  for a dismissal; and (4) the fact that a summary judgment motion has been filed by the defendant.);

12  *Williams v. Peralta Community College Dist.*, 227 F.R.D. 538, 540 (N.D. Cal. 2005); *Burnette v.*

13  *Godshall*, 828 F. Supp. 1439, 1444 (N.D.Cal.1993); Charles A. Wright & Arthur R. Miller, 9 FEDERAL

14  PRAC. & PROC. CIV. § 2364 (3d ed. 2010).

15          **1. Defendant's Effort and Expense in Preparing for Trial.**  The parties have spent a great deal

16  of time and extensive resources in litigating this case.  The dispositive motions deadline (January 5, 2010)

17  has passed. *See* Dkt. 6.  The court has ruled on the parties' *motions in limine*. Dkt. 87.  Chicago Title

18  asserts that it may lose access to important witnesses if yet another delay is occasioned by the refiling of a

19  new action.  That may be speculative at this point, but such a danger exists with significant delays.

20          **2. Excessive Delay and Lack of Diligence**.  This case was removed from Clark County Superior

21  Court on May 19, 2009. Dkt. 1. Trial is set for November 15, 2010.  Dismissal of the case now, with

22  Columbia filing a new case after the dismissal, would result in significant delay in resolving the issues.

23  Chicago Title deserves to have the issues resolved in a timely manner. Further, and significantly,

24  Columbia made a tactical choice not to pursue CUMIS at the start of this matter.  Columbia had all

25  relevant information concerning its potential claim against CUMIS under its control, and made a

26  calculated choice not to name CUMIS as a defendant in this case.

27          **3. Insufficient Explanation**.  Columbia contends that it could suffer prejudice if the motion to

28  dismiss the case without prejudice is denied.  Columbia maintains that it faces the risk of inconsistent

1  verdicts resulting from Chicago Title's assertion of a defense centered on Columbia's bond claim.  It is

2  unclear whether there is a risk of inconsistent verdicts.  However, that is the risk that Columbia took when

3  it filed this case against Chicago Title, and made the tactical choice not to include CUMIS as a defendant.

4  Columbia's explanation of the reason for requesting dismissal without prejudice is inadequate.

5      **4. Summary Judgment**. Chicago Title did not file a motion for summary judgment.

6  Accordingly, this factor does not weigh in favor of Chicago Title.

7      **5. Conclusion**.  On April 14, 2010, the court denied Columbia's motion to permit Columbia to

8  amend the complaint to add CUMIS as a defendant.  Dkt. 97.  This motion to dismiss the case without

9  prejudice is another belated attempt to join CUMIS as a defendant. Columbia is not prohibited from

10  pursuing CUMIS in a separate action. For the reasons set forth above, Columbia's motion to dismiss this

11  case without prejudice should be denied.

12      Therefore, it is hereby

13      **ORDERED** that Plaintiff's Motion for Voluntary Dismissal (Dkt. 98) is **DENIED**.

14      The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any

15  party appearing *pro se* at said party's last known address.

16      DATED this 17th day of May, 2010.

17

18

19

Robert J. Bryan
United States District Judge

20

21

22

23

24

25

26

27

28

ORDER
Page - 4